| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO 7325 SOUTH POTOMAC CENTENNIAL, COLORADO 80112 _____ THE PEOPLE OF THE STATE OF COLORADO, Plaintiff  vs.  JAMALE TOWNSELL Defendant. | DATE FILED March 10, 2021 4:06 PM CASE NUMBER: 2013CR2039 |
|---|---|
| | ⬥ COURT USE ONLY ⬥ |
| | Case Number: 13CR 2039  COURTROOM: 308 |
| **ORDER – RE: DEFENDANT'S MOTION FOR SENTENCE RECONSIDERATION** ||

THIS MATTER comes before the Court on Defendant's Motion for Sentence Reconsideration, pursuant to Crim. P. Rule 35(b).  Although the Court gave the prosecution an opportunity to file a response, the People have not done so. Having reviewed Defendant's Motion the trial transcripts, the sentencing transcript, and all exhibits to Defendant's Motion and otherwise being fully advised of the premise of the Motion, the Court rules as follows:

### A.    Procedural History

1.    On or about September 11, 2013, Mr. Townsell was charged with two counts of Aggravated Robbery for a bank robbery which occurred on June 15, 2013.  The Defendant was also charged with several additional charges including Menacing and Theft.

2.    On or about March 11, 2014, Mr. Townsell proceeded to trial and was ultimately found guilty of all of the charges on March 18, 2014.  Sentencing occurred on May 14, 2014.  The Defendant was sentenced to twenty-two (22) years in the Department of Corrections as to Count 1 and ten (10) years in the Department of Corrections as to Count 2.  These two counts were run consecutive to one another.   (For purposes of this motion, the Court focuses its attention on these two counts as the additional counts were run concurrently to Count 1 or Count 2).

3.       On or about November 2, 2020, the Defendant, by and through counsel, filed a Motion for Reconsideration of Sentence Pursuant to C.R.C.P. 35(b).

## B.       Defendant's Motion

1.       The Defendant's basis for reconsideration is primarily a request for Count 1 and Count 2 to run concurrent to each other, as well as reduction in sentence length.  This request is based on a request for this Court to review evidence presented at trial that there was an alternate suspect and that Defendant did not match the description of the offender, there has been a change in law relating to consecutive versus concurrent sentencing, that defense counsel did not present any mitigation at the sentencing hearing, and that Mr. Townsell expresses remorse for his prior acts.

2.       By virtue of his request, Defendant seeks reconsideration and reduction of his sentence pursuant to Crim. P. Rule 35(b).  Defendant's Motion was filed properly and timely pursuant to Rule 35 and the Court does have jurisdiction to consider the request.

3.       Crim. P. Rule 35(b) permits the court, in the interests of justice, to reconsider a previously imposed sentence in light of all relevant and material factors, whether initially considered by the sentencing court or not. ***People v. Smith***, 536 P.2d 820, 822 (Colo. 1975). The decision to reduce a sentence is entrusted to the sound discretion of the trial court. ***Ghrist v. People***, 897 P.2d 809, 812 (Colo. 1995).

4.       In ruling on a request to reduce a sentence, the trial court may consider a defendant's performance while incarcerated, but may not base its decision solely on those post-sentencing facts.  ***People v. Piotrowski***, 855 P.2d 1, 2 (Colo. App. 1992).  The trial court must, however, consider facts originally known at the time of sentencing. ***People v. Rodriguez***, 914 P.2d 230, 288 (Colo. 1996).  The decision to reduce a sentence is entirely within the sound discretion of the trial court.  C.R.C.P. 35(b).

5.       The trial court is required to hold a hearing regarding a request to reduce a sentence or alter the terms and conditions of probation only if the motion is granted, ***People v. Stewart,*** 849 P.2d 867, 868 (Colo. App. 1992), and only if said hearing is requested by the defendant or the district attorney after notice is given.  C.R.S. § 18-1.3-204(4).

6.       The Defendant first addresses with the Court the issue of the identity of the perpetrator of the offense.  Counsel sets forth argument that the Defendant was not the individual that committed the offense in question turning to the physical description of the bank robber versus description of the Defendant.  Counsel further points the Court to the evidence presented at trial in the form of DNA evidence and its relation to the events and to the objects which were tested in this matter.  The Court recognizes the reason counsel sets forth this information, however, the Court is also bound by the verdict of the jury which would have heard this evidence and would have been instructed to

consider it in the totality of the circumstances presented to reach its unanimous verdict.  The Court recognizes the Defendant maintains his innocence in these events, however, the Court must sentence based on the verdicts reached by the jury.

The Defendant next presents argument relating to the legislative amendments to C.R.S. 18-1.3-406 or the crime of violence statute.  Specifically, changes made in 2016 as they relate to aggravated robbery and the court's discretion to impose consecutive or concurrent sentences. At the time of the original sentencing, the Court found that it was required pursuant to statute and case law to sentence the Defendant consecutively.   The Court considers this in conjunction with the arguments set forth as to the mitigation presented in the motion.

The Defendant sets forth information in the Motion which was not presented at the time of sentencing, namely information regarding the Defendant's childhood and trauma.  This information was clearly not presented to the Court from counsel at the time of sentencing and appears to only be touched upon, if at all, by the pre-sentence investigation report.

The Court does not dispute, from the information presented in the Motion, that Mr. Townsell had a difficult childhood.  By his mother's own admission, there were issues of drug use in the home and Mr. Townsell relates an event with his father which exposed Mr. Townsell to serious trauma at an early age.  However, in reviewing the records of this case, and as stated by Judge Horton at the time of sentencing, Mr. Townsell continued his escalating and dangerous behaviors despite intervention by the judicial system.  The conviction in this matter was Mr. Townsell's fourth conviction including a prior conviction for Aggravated Robbery with a deadly weapon which resulted in a sentence to Y.O.S.  Despite progressing through Y.O.S., Mr. Townsell violated his release and was sentenced to the Department of Corrections prior to the allegations contained in this matter.  Further, he was on parole at the time of this offense.  His other convictions included Possession of a Weapon by a Previous Offender and an Escape.  The concerns expressed by the sentencing Court in 2014 when the Defendant was originally sentence remain the concerns of this Court.  The Defendant has demonstrated a violent criminal history which involved the use of weapons which escalated into this case. The Court specifically noted the Defendant's prior juvenile direct file matter which was originally charged as Attempted Murder.  Despite sentences to Y.O.S. and DOC, the Defendant continued his criminal actions, continued use of a weapon to commit his offenses, and failed to successfully complete his sentences or parole.  The Court found that the offense to which Mr. Townsell was found guilty was a "serious offense that could have become more serious given the deadly weapon that the defendant had in his possession."  The Court further remarked that the Defendant's conduct evidenced a pattern to threaten victims with physical harm and a pattern to place a victim's health in jeopardy during the commission of a robbery.  This Court shares those same concerns based on the information before it.

The Court has considered all of the information, including the trial transcripts and the original sentencing transcript, and finds that the sentence originally imposed is

appropriate for the offenses for which the Defendant was found guilty considering the Defendant's aggravated history.  The Court further finds that at the time of sentencing, it was required to sentence the Defendant consecutively for the offenses.  However, the Court notes pursuant to the request made in Defendant's current Motion that should the Court have the discretion to consider running the sentences concurrently, a consecutive sentence was/is within the discretion of the Court and appropriate under the circumstances of this case.  As such, the Court declines to reconsider the sentences to run concurrently.

7.      For the above stated reasons, the Court finds its original sentence appropriate for this Defendant.

**WHEREFORE, the Court DENIES the Defendant's Motion for Sentence Reconsideration.**

**SO ORDERED**, March 10, 2021.

BY THE COURT:

Shay K. Whitaker
District Court Judge