Original of this form was provided by the CODOC Legal Access Program at no cost to Offender Townsell, J # 110291 on September 1, 2021

District Court Arapahoe County, Colorado

Court Address: 7325 Potomac Street Centennial Co 80112

People of the State of Colorado

v.

Defendant JAMALE TOWNSELL

| | |
|---|---|
| Attorney or Party Without Attorney (Name and Address): Jamale Townsell P.O. Box 6000 Sterling co. 80751 | **Filed** DATE FILED September 16, 2021 SEP 16 2021 CASE NUMBER: 2013CR2039 CLERK OF THE COMBINED COURT ARAPAHOE COUNTY COLORADO ▲ **COURT USE ONLY** ▲ |
| Phone Number: E-mail: FAX Number: Atty. Reg. #: | Case Number: 13CR2039 Division 204 Courtroom 308 |

**PETITION FOR POSTCONVICTION RELIEF PURSUANT TO CRIM. P. 35(c)**

## CONVICTION UNDER ATTACK

1. What was the date of your conviction? 12th of May, 2014 (day/month/year).

2. Which of the following resulted in your conviction? ☐ PLEA, ☑ JURY TRIAL, OR ☐ COURT TRIAL.

3. Were you represented by an attorney? ☑ YES ☐ NO

If yes, list the names and addresses of any attorney who has ever represented you in this case. Attach additional sheets if necessary.

Name: Gregory C. Graf          Name: Krista A. Schelhaas

Address: 8400 Prentice Ave.    Address: Schelhaas LAW LLC
Penthouse Suite                P.O Box 621355
Greenwood Village co. 80111    Littleton co. 80162

Nature of Representation (for example: preliminary hearing, plea, trial)

Preliminary Hearing          Direct Appeal
Trial                        Crim. P. 35(b) proceeding

## DIRECT APPEAL

4. Was this case appealed? ☑ YES ☐ NO    If yes, please provide the following: 18SC415
Supreme Court
Denied 6/22/20

Appeal Case Number: 14CA1225

Appellate Court: State of Colorado Court of Appeals

Result: Conviction and sentence upheld.    Date: April 5th 2018

## POSTCONVICTION PROCEEDINGS

5. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal, such as Rule 35(a), Rule 35(c), or a Writ of Habeas Corpus? ☑ YES ☐ NO

FORM 4SC  1/18  PETITION FOR POSTCONVICTION RELIEF PURSUANT TO CRIM. P. 35(c)    Page 1 of 4

Original of this form was provided by the CODOC Legal Access Program at no cost to Offender Townsell, J # 110291 on September 1, 2021

6.  If your answer to **5** was "YES" give the following information for each petition filed:

   a.  FIRST petition, application or motion.

   (1)  Name of court Arapahoe County District Court- Colorado

   (2)  Nature of proceeding (for example, Rule 35(a), Rule 35(c), § 2254 Writ of Habeas Corpus)
   Crim p. 35(b) Motion for reduction of sentence

   (3)  Claims raised
   Request to reconsider sentence under 35(b).

   (4)  Name of attorney if any Krista Schulhaus

   (5)  Did you receive an evidentiary hearing on your petition, application, or motion? ☐YES ☒NO

   (6)  Result _____

   (7)  Date of Result _____

   (8)  Did you appeal the result? ☐YES ☐NO

      i)  If you did appeal, what was the result and date of the court's decision (or attach a copy of the court's opinion or order)?
      _____

      ii)  If you did not appeal, briefly explain why you did not.
      _____

   b.  For a second or subsequent petition, please answer the questions listed in (6)(a)(1) through (7) above. Attach a separate sheet of paper and state at the top that you are listing other motions or petitions filed in this case.

## REQUEST FOR COUNSEL

7.  Are you requesting that counsel be appointed to represent you on this petition?

   ☒YES  ☐NO  If yes, please attached an indigency application (JDF 208).

## CLAIMS

Briefly specify every ground on which you claim that you are being held unlawfully.

   • STATE THE FACTS RELATED TO YOUR CLAIM ON ONE PAGE AND PUT ANY LEGAL AUTHORITY ON A SEPARATE PAGE.

   • YOU SHOULD RAISE IN THIS PETITION ALL THE CLAIMS FOR RELIEF THAT RELATE TO THE CONVICTION ORSENTENCE UNDER ATTACK.  IF YOU DO NOT RAISE ALL CLAIMS HERE, THE COURT MAY NOT HAVE TO ENTERTAIN LATER MOTIONS FOR SIMILAR RELIEF.

Original of this form was provided by the CODOC Legal Access Program at no cost to Offender Townsell, J # 110291 on September 1, 2021

## GROUNDS OF PETITION

*Specify every ground on which you claim that you are being held unlawfully, by placing a check mark in the appropriate box below and providing the required information. Include all facts. Attach pages stating the grounds and the facts referenced to each claim.*

8. The grounds for this Petition are as follows: (check all that apply)

    a. ☐ The Defendant has sought appeal of a conviction within the time prescribed, and judgment on that conviction has not then been affirmed upon appeal, and there has been a significant change in the law which if applied to this conviction or sentence, the interests of justice allow the retroactive application of the changed legal standard. (In other words, there was a change in the law and the Defendant is allowed the positive retroactive effect of the change.)

    b. No review of a conviction of crime was sought by appeal within the time prescribed therefore, or a judgment of conviction was affirmed upon appeal. However, in good faith the Defendant alleges one or more of the following:

        (1) ☑ That the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state.

        (2) ☐ That the Defendant was convicted under a statute that is in violation of the Constitution of the United States or the constitution of this state, or that the conduct for which the applicant was prosecuted is constitutionally protected.

        (3) ☐ That the court rendering judgment was without jurisdiction over the person of the applicant or the subject matter.

        (4) ☐ That there exists evidence of material facts, not theretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by the Defendant or his attorney prior to the submission of the issues to the court or jury, and which requires vacation of the conviction or sentence in the interest of justice.

        (5) ☑ Any other ground otherwise properly the basis for collateral attack upon a criminal judgment.

        (6) ☐ That the sentence imposed has been fully served or that there has been unlawful revocation of parole, probation, or conditional release.

***For any box checked, YOU MUST attach a separate sheet of paper with the ground listed at the top of the page and number it accordingly, 8(a), 8(b)(1), 8(b)(2), 8(b)(3), 8(b)(4), 8(b)(5), 8(b)(6), and/or 8(b)(7). On each separate sheet of paper list each and every fact you feel supports that claim. Be specific and give details.***

9. Colorado Revised Statutes §16-5-402(1) provides that a person who has been convicted under a criminal statute in Colorado or another state may collaterally attack the validity of that conviction only if such attack is brought within a specified time period or completion of the direct appeal process for that conviction, unless one of the exceptions listed in §16-5-402(2), C.R.S. are applicable. The specified time periods are as follows:

    All class 1 felonies:   No limit
    All other felonies:    Three years
    Misdemeanors:     Eighteen months
    Petty offenses:      Six months

    a. Was this petition filed within the time limits set forth in §16-5-402(1), 6 C.R.S. (above)?
        ☑ YES    ☐ NO

    b. If not, check any applicable exceptions listed in §16-5-402(2), 6 C.R.S., and state the FACTS that relate to the exception. DO NOT MAKE LEGAL ARGUMENTS.

Original of this form was provided by the CODOC Legal Access Program at no cost to Offender Townsell, J # 110291 on September 1, 2021

(1) ❑ The court entering judgment of conviction did not have jurisdiction over the subject matter of the alleged offense;

(2) ❑ The court entering judgment of conviction did not have jurisdiction over the person of the Defendant;

(3) ❑ The failure to seek relief within the applicable time period was caused by an adjudication of incompetence or by commitment of the Defendant to an institution for treatment as a mentally ill person; or

(4) ❑ The failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect.

☑ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.

❑ By checking this box, I am acknowledging that I have made a change to the original content of this form.

*For every ground you checked as grounds for this petition not being filed within the statutory time limits, YOU MUST attach a separate sheet of paper with that ground listed at the top of the page and numbered accordingly 9(b)(1), 9(b)(2), 9(b)(3), and/or 9(b)(4). On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.*

## SUCCESSIVE PETITIONS

**Important Notice Regarding Additional Petitions:**

With specific exceptions provided for in Criminal Procedure Rule 35(c)(3)(VII), the court shall deny any claim that could have been presented in an appeal or postconviction proceeding previously brought.

Therefore, all claims related to the conviction under attack in this petition must be listed in this petition, or future motions may be denied.

Wherefore, petitioner prays that the Court grant relief to which petitioner may be entitled in this proceeding.

_J. Townsell_____    _September 16, 2021_ (date)
PETITIONER'S ORIGINAL SIGNATURE

_Jamale Townsell_____
PETITIONER'S PRINTED NAME

_P.O. Box 6000_____
ADDRESS

_Sterling, Co. 80751_____
CITY, STATE, ZIP CODE

_____
PHONE NUMBER

**Crim. P. Rule 35 (C)**
**Grounds of Petition**
**(8)(b)(1)**

I, Jamale D. Townsell, (herein defendant) respectfully request that this court review this petition for post-conviction relief pursuant to crim. P. Rule 35 (c). That the conviction was obtained, or sentence imposed in violation of the constitution or laws of the United States or the constitution or laws of this state-which prohibits the criminal convictions of any person except on proof of guilt beyond reasonable doubt.

## Statement Of Facts

In case NO. 13cr2039 prosecutorial misconduct occurred when prosecutor/court failed to provide jury with proper jury instructions on the definition of the word, "presence" used in the definition for Aggravated robbery statute. In jury instruction NO. 18 the definitions for the words "deadly weapon," "person," "possessed," "thing of value" was provided. On the contrary the definition of the word "presence" was omitted, in error that was planning to work a great prejudice to defendant. It has been stated that "presence" in the context of robbery is not so much a matter of eyesight as it is one proximity and control: A robbery conviction requires physical force directed at a victim who has proximity to stolen items. The gravamen of robbery is the application of physical force or intimidation against the victim at any time during a transaction culminating in the taking of property from victims. Person or presence. One of the alleged victims M. O.

Testified, "he sat at his desk which was obstructed by a cubicle divider and that he was not afraid during the robbery because the robber never looked or aimed the gun at him nor interacted with him in any way." Secondly the record contained no evidence that M. O. had any right to control the money in K.K.'s drawer. M. O. testified that he was a "financial services consultant," and was "[R]esponsible for personal and business checking accounts, saving accounts, money markets, and auto loans" but did not testify that he had control over any money in any drawers. When there is no evidence to establish that an employee has access to or could exercise control over the item taken, the evidence is insufficient to support a

robbery conviction. Se People V. Ridenour, 878 P. 2D 23, 27 (colo.APP.1994). A unit of prosecution is legally defined as the way a criminal statute permits a defendants conduct to be divided into discrete acts for purposes of prosecuting. No discrete act(s) was described regarding M.O. in this instant matter. Neither was the jury able to compartmentalize evidence regarding the alleged offence charged in connection with M.O. This is important because it is a clear demonstration that there is no evidence that the robber knowingly took anything from "presence" of M.O. it was prejudicial by creating a bias in the jury minds that defendant was more likely to have committed the crime, due to the jury not having full measure or complete understanding of each element of the aggravated robbery statue defining "presence" it would have changed the outcome of the case. In addition to (8)(b)(1) prosecutor "elicited evidence of defendants previous incarceration which also served to prejudice Mr. Townsell by once again creating a bias in the minds of the jury that defendant is of bad character and could have aided in their presumption of defendant being more than likely to have committed the crime. Here is interaction between prosecutor and witness J.S. on cross-examination the prosecutor asked, when Mr. Townsell and Ms. Ruffin were married Ruffins mother answered that it was 200802 2009.

The following exchange occurred:

Prosecutor: That wasn't a ceremony that you attended?

Witness: No.

Prosecutor: Were they- do you know whether there was a ceremony or married under common law.

Witness: I guess they got married in jail while he was still in jail.

First, the witness referenced the jail wedding on direct examination however, the prosecutor first asked when the wedding occurred (Id.at P.191,11,14,15) after learning it was in 2008 or 2009 the prosecutor pushed foe details of the ceremony. This witness was under the prosecutions subpoena. The date of the marriage was least important thing that could have ben asked on cross-examination, and the prosecutor just kept on going over it until she got the witness to say the defendant had been in jail. Longstanding Colorado case law establishes that references to prior criminality elicited by the people cannot be cured by an instruction when proof of guilt is not overwhelming; Edmisten V. people, 176 colo. 262, 275-77, 490. 2d 58, 64-65 (1971) Because the physical description of the robbery suspects substantially differed from Mr. Townsell the prior jail reference created reversible

error and could not be cured by an instruction. This is another set of circumstances where omission would have changed the outcome of the case. It is plain error to introduce character evidence that is outside of the scope and has relevancy to the crime in this matter. Defendants' prior incarceration was introduced with the primary role to portray the defendant as a person of bad character, which is impermissible under rule 404 and constituted reversible error. Last under The District Court erred on concluding "that consecutive sentences were required for the aggravated robbery convictions." The District Court abused its sentencing discretion because it misapplied the law. See People V. Garrison, 2017 Co a107, 94 court abuses its discretion when it misunderstands or misapplies the law); see Espinoza, 9141 (trial court erred when it found consecutive sentences were mandatory). When the same act or acts give rise to both charges, the evidence supporting those crimes is identical. People V. Dixon, 950 P.2d 282, 689 (Colo. APP. 1997) The evidence must be analyzed to "determine if the separate convictions were bases on more than one distant act and if so, whether those acts were separated by time and place." Juhl, 172 P. 3d at 901. Here, the evidence supporting the convictions for aggravated robbery was identical because it was based on the same acts. The robber entered the bank, sprinted past M.O., ran straight to the counter, and demanded the money from K.K. drawer and left. Since the court determined that the evidence was sufficient to support the count involving M.O., the same actions of demanding the money with the use of a gun and removing the money from K.K drawer met the elements of taking anything of value from the presence of both M.O. and K.K. There were no additional or different actions used to support the convictions involving M.O. nor were there additional or different actions used to support the convictions involving K.K. The District Court. However, imposed consecutive sentences for the aggravated robbery convictions because it determined that discretionary concurrent sentencing based on multiple victims was applicable. The District Court based this conclusion on the fact "that there are clearly different victims in the case and, therefore, not identical evidence." In some cases, the fact of multiple victims will mean that the evidence is not identical. For example, in People V. Ellis, 30 P. 3D774, 781-82 (Colo APP.2001), the defendant fired three separate shots from his gun and that the separate shots warranted separate counts of attempted extreme indifference murder. In such circumstances a court retains discretion to impose concurrent sentences rather than consecutive sentences. While a single act of arson caused a

building to catch fire and harmed multiple victims, the evidence supporting each attempted murder conviction was identical and no evidence showed defendant performed separate, volitional acts against any of the named victims. People V. Espinoza, 2017 COA 122, _P.3D_. As in this case there was no separate actions that differentiated the aggravated robbery convictions as to M.O. from the aggravated robbery to K.K. Therefore, consecutive sentencing was not required in this case. The district court erred in concluding that consecutive sentencing was mandated. Therefore, Mr. Townsell request that this court vacate his consecutive sentence for aggravated robbery convictions involving M.O. and remand fir the district court to amend the mittimus and impose the sentence to run concurrent to the sentence for the conviction involving K.K. See people V. Dotson 55 P3D 175, 182 (Colo APP. 2002).

Any other grounds otherwise property the basis for collateral attack upon criminal judgement. I Jamale D. Townsell also respectfully request that this court review this petition for postconviction relief pursuant to crim.P. 35(C) based on the grounds of ineffective assistance of counsel.

## STATEMENT OF FACTS

Defendant was scheduled to begin trial May 12th, 2014, four weeks prior defendant Mr. Townsell attended a pretrial hearing where it was disclosed to defense attorney Mr. Gregory C. Graf, By Prosecutor that there was additional DNA evidence and documentation against defendant that was being entered into exhibits for trial purposes. At that time defense attorney Mr. Graf expressed he had no knowledge of additional DNA evidence other than a pair of pantyhose against the defendant, Defense counsel, [Quote] "So as I told the court, I knew there was a DNA match on a pair of pantyhose and I think I told the court, and that report did come to me more than thirty days in advance and frankly DNA from pantyhose which nobody has identified as being used in a robbery and a husbands DNA being on his wife's pantyhose is something that argument with the jury or presentation with the jury I can deal with, but the laboratory report now saying the same items that were seized, if you will from Ebony Ruffins general possession from the Pontiac and the bag that was left outside, that was not released until within the last two weeks of trial." Still after learning of new DNA against defendant defense counsel still

proceeded to rush the trial in violation of defendants right to due process. Had defense counsel requested a continuance after learning of additional DNA evidence than a proper defense could have changed the outcome of this case.

Defense attorney Gregory C. Graf made a mistake by thinking that the defendants DNA was only on a pair on a of pantyhose counsel admitted to this in a statement made by himself in an open court. Long standing law states: For counsel to make a professionally reasonable decision whether to present certain mitigation evidence in this case, any mitigating evidence that counsel must be informed of all available options. Thus, case law rejects the notion that a strategic decision can be reasonable, when this attorney has failed to investigate his options and make reasonable possible mitigating evidence regarding additional DNA evidence documentation, but Mr. Graf inexplicably failed to follow up with further investigation. Had he done so, he would have discovered substantial evidence of defendant's exclusion despite the new DNA evidence against Mr. Townsell. Reasonable performance of counsel includes an adequate investigation of facts consideration of viable theories, and development of evidence to support this theory. The failure of counsel to adequately investigate this case necessitate an evidentiary hearing. The fact that he missed the DNA report is clear evidence he failed to properly investigate. Defense counsel argued that defendant had a right to speedy trial. However, speedy trial is a statutory right. Constitutional right to effective counsel trumps statutory right to speedy trial. With a continuance, counsel could have hired a DNA expert to counter the peoples expect and could have had more effective cross-examination of the people's expert.

In addition, the court of appeals decision showed that Mr. Graf should have known because they found there was no discovery violation. The Evidence was in discovery all along.

## CONCLUSION

Wherefore, I Jamale D. Townsell (herein Defendant) have respectfully requested that this court review this petition for postconviction relief pursuant to Crim.P. 35(c). I ask that this court vacate my sentence and be remanded back to court for a new trial.

Case No. 1:23-cv-03043-NYW-STV   Document 18   filed 09/07/23   USDC Colorado   pg 10 of 10

Jamale Townsell #110291
P.O. Box 6000 / S.C.F.
Sterling, Colo. 80751

District Court, Arapahoe County, Color
7325 Potomac street
Centennial, Colo. 80112

Austin PDC TX 787 10

SAT 11 SEP 2021

Filed
SEP 15 2021
CLERK OF THE DISTRICT COURT
ARAPAHOE COUNTY, COLORADO

Filed
SEP 16 20
CLERK OF THE DISTRICT C
ARAPAHOE COUNTY, COLO