| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 South Potomac Street #100<br>Centennial, Colorado 80112<br><br>THE PEOPLE OF THE STATE OF COLORADO<br><br>v.<br><br>**Defendant:**<br><br>JAMALE TOWNSELL | DATE FILED: November 18, 2021 4:03 PM<br><br>⬆ **COURT USE ONLY** ⬆<br><br>Case Number: 2013 CR 2039<br><br>Division: 308 |
| --- | --- |
| **ORDER: PETITION FOR POSTCONVICTION RELIEF PURSUANT TO CRIM. P. 35(c)** | |

THIS MATTER is before the Court on the Defendant, Jamale Townsell's ("Defendant") pro se Petition for Postconviction Relief Pursuant to Crim. P. 35(c).  Having reviewed Defendant's Petition, the attached Request for a State Paid Professional, the case file, and the applicable law, and being fully advised of the premise, the Court FINDS and ORDERS as follows:

## BACKGROUND

On September 11, 2013, Defendant was charged with theft, possession of a weapon, two counts of aggravated robbery, and two counts of menacing.  The charges stemmed from a bank robbery involving two bank employees: K.K. and M.O.  A jury found Defendant guilty of the theft, aggravated robbery, and menacing charges.  Defendant was sentenced as follows: twenty-two years in the Department of Corrections ("DOC") for the aggravated robbery charge involving K.K and ten years in DOC for the aggravated robbery charge involving M.O. to run consecutively; six years in DOC for the menacing charge involving K.K., two years in DOC for

the menacing charge involving M.O., and eighteen months in DOC for the theft charge, all to run concurrently.

Defendant appealed his convictions on numerous grounds. On June 29, 2020, the Court of Appeals issued a mandate and opinion affirming Defendant's convictions and sentences.

On November 2, 2020 and December 17, 2020, Defendant, with the assistance of alternate defense counsel, filed a Crim. P. 35(b) Motion for Reduction of Sentence and a Supplement to Crim. P. 35(b) Motion for Reduction of Sentence. Defendant argued, among other things, that his sentences on the aggravated robbery charges should run concurrently rather than consecutively. On March 10, 2021, the Court issued an order denying Defendant's Motion for Reduction of Sentence.

On September 16, 2021, Defendant filed the instant pro se Petition for Postconviction Relief pursuant to Crim. P. 35(c).

## DISCUSSION

### I.    Crim. P. 35(c)

"In reviewing a Crim. P. 35(c) claim, [courts] presume the validity of the conviction and the defendant bears the burden of proving his claims by a preponderance of the evidence." *Dunlap v. People*, 173 P.3d 1054, 1061 (Colo. 2007). Courts "consider, among other things, whether the motion is timely pursuant to § 16-5-402, whether it fails to state adequate factual or legal grounds for relief, whether it states legal grounds for relief that are not meritorious, whether it states factual grounds that, even if true, do not entitle the party to relief, and whether it states factual grounds that, if true, entitle the party to relief, but the files and records of the case show to the satisfaction of the court that the factual allegations are untrue." Crim. P. 35(c)(3)(IV).

2

"A court must hold an evidentiary hearing on a Crim. P. 35(c) motion unless the motion, the files, and the record clearly establish that the allegations in the motion lack merit and do not entitle the defendant to relief." *Kazadi v. People*, 291 P.3d 16, 22 (Colo. 2012). "Likewise, if the claims are bare and conclusory in nature, and lack supporting factual allegations, the motion may also be denied without a hearing." *People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005).

Additionally, Crim. P. 35(c)(3) provides in relevant part:

(VI) The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant, except the following:

(a) Any claim based on evidence that could not have been discovered previously through the exercise of due diligence;

(b) Any claim based on a new rule of constitutional law that was previously unavailable, if that rule has been applied retroactively by the United States Supreme Court or Colorado appellate courts.

(VII) The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought except the following:

(a) Any claim based on events that occurred after initiation of the defendant's prior appeal or postconviction proceeding;

(b) Any claim based on evidence that could not have been discovered previously through the exercise of due diligence;

(c) Any claim based on a new rule of constitutional law that was previously unavailable, if that rule should be applied retroactively to cases on collateral review;

(d) Any claim that the sentencing court lacked subject matter jurisdiction;

(e) Any claim where an objective factor, external to the defense and not attributable to the defendant, made raising the claim impracticable.

Lastly, with respect to Crim. P. 35(c) motions that raise ineffective assistance of counsel, "[a] postconviction court may also deny a Crim. P. 35(c) motion without a hearing if 'the

3

allegations of counsel's deficient performance are merely conclusory, vague, or lacking in detail.'" *People v. Chipman*, 370 P.3d 330, 334 (Colo. App. 2015) (*quoting People v. Osorio*, 170 P.3d 769, 799 (Colo. App. 2007)).

## II.    Application

As an initial matter, Defendant raises three claims that either were or could have been raised during his direct appeal and his previous Crim. P. 35(b) motion.  In particular, Defendant argues that he is entitled to postconviction relief because the prosecution improperly elicited testimony about Defendant's previous incarceration; and the trial court improperly imposed consecutive sentences for Defendant's two aggravated robbery counts.  Defendant raised the same arguments during his direct appeal, which the Court of Appeals rejected.  *See People v. Townsell*, No. 14CA1225, at *14-23, 41-45 (Colo. App. Apr. 5, 2018).  Defendant also raised the consecutive-sentence argument in his previous Crim. P. 35(b) motion.  Further, Defendant's Petition alleges neither the existence of newly discovered evidence nor a new rule of constitutional law that supports these two previously raised claims.  Accordingly, these two claims are barred as successive pursuant to Crim. P. 35(c)(3)(VI).  *See People v. Martinez*, 36 P.3d 201, 205 (Colo. App. 2001) ("A defendant cannot use a proceeding under Crim. P. 35 to relitigate matters fully and finally resolved in an earlier appeal.").

Defendant also argues that the trial court erred in failing to define the "presence" requirement as part of its aggravated robbery jury instruction.  Defendant raised a similar claim on his direct appeal, arguing that the there was insufficient evidence to support the aggravated robbery charge involving M.O. because there was no evidence to establish that Defendant knew M.O. was present in the bank.  *See Townsell*, No. 14CA1225, at *33-40.  Defendant now challenges the Court's aggravated robbery jury instruction instead of the sufficiency of the

evidence. Defendant's claim, however, is again grounded on the assertion that he did not commit aggravated robbery in M.O.'s presence. Defendant could, and should, have raised this argument during his direct appeal. Nor does Defendant's Petition raise any of the exceptions identified in Crim. P. 35(c)(3)(VII) that would prevent a postconviction claim that could have been raised during a direct appeal from being barred in subsequent postconviction proceeding. This claim, therefore, is barred as successive pursuant to Crim. P. 35(c)(3)(VII).

Defendant's Petition next raises an ineffective assistance of counsel claim. Defendant argues that his trial counsel's performance was constitutionally deficient because trial counsel failed to conduct an adequate investigation after the prosecution disclosed an additional DNA report four weeks prior to trial. According to Defendant, trial counsel should have moved to continue the trial date in order to more fully investigate the prosecution's late-disclosed DNA report.

"A criminal defendant is constitutionally entitled to the effective assistance of counsel." *People v. Houser*, 490 P.3d 863, 870 (Colo. App. 2020). "To prevail on a claim of ineffective assistance of counsel, a defendant must establish that (1) counsel's performance fell below the level of reasonably competent assistance demanded of attorneys in criminal cases and (2) the deficient performance prejudiced the defense." *People v. Hunt*, 412 P.3d 838, 842 (Colo. App. 2016). "For the prejudice prong, a defendant must show that 'there is a reasonable probability that, but counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007) (*quoting Strickland v. Washington*, 466 U.S. 688, 694 (1984)). "Because there is a presumption of validity attached to a judgment of conviction, the burden is on the defendant in his Crim. P. 35(c) proceeding to prove both

5

elements by a preponderance of the evidence." *People v. Williams*, 908 P.2d 1157, 1160 (Colo. App. 1995).

Even if trial counsel's performance was deficient for failing to move to continue the trial date and investigate the prosecution's late-disclosed DNA report, Defendant's Petition states neither legal nor factual grounds to suggest that such deficient performance caused prejudice. Defendant's petition merely asserts that had trial counsel conducted a further investigation, trial counsel "would have discovered substantial evidence of defendant's exclusion despite the new DNA evidence against [Defendant]." Defendant's Petition, p. 9. Defendant's Petition does not identify any facts to explain what that "substantial evidence" would have been. Nor does Defendant's Petition explain how that substantial evidence would have overcome the substantial DNA evidence the prosecution offered at trial. Such a conclusory assertion is insufficient to raise a meritorious ineffective assistance of counsel claim. *See People v. Fulton*, 754 P.2d 398 (Colo. App. 1987) (rejecting ineffective assistance of counsel claim for failure to establish prejudice without addressing first prong of test).

Defendant's conclusory assertions in support of his ineffective assistance of counsel claim are also insufficient to warrant a hearing. *See People v. Phipps*, 411 P.3d 1157, 1162 (Colo. App. 2017) ("Bare and conclusory allegations are insufficient to entitle a defendant to an evidentiary hearing on his postconviction motion.").

Finally, Defendant attached to his Petition a Request for a State Paid Professional, which the Court interprets as a request to appoint counsel to represent Defendant in connection with the postconviction claims his Petition raises. Because Defendant is not entitled to relief, the Court also denies Defendant's request for appointment of counsel.

## CONCLUSION

For the reasons set forth above, Defendant's Petition for Postconviction Relief Pursuant to Crim. P. 35(c) is **DENIED**.

**SO ORDERED**.

Issue Date: November 18, 2021

SHAY KARA WHITAKER
District Court Judge