| Colorado Supreme Court<br>2 East 14th Avenue<br>Denver, CO 80203 | DATE FILED<br>September 9, 2024<br>CASE NUMBER: 2023SC924 |
|---|---|
| Certiorari to the Court of Appeals, 2021CA2068<br>District Court, Arapahoe County, 2013CR2039 | |
| **Petitioner:**<br><br>Jamale D. Townsell,<br><br>**v.**<br><br>**Respondent:**<br><br>The People of the State of Colorado. | Supreme Court Case No:<br>2023SC924 |
| ORDER OF COURT | |

Upon consideration of the Petition for Writ of Certiorari filed in the above

cause, and now being sufficiently advised in the premises,

IT IS ORDERED that said Petition shall be, and the same hereby is,

GRANTED as to the issue(s) set forth below, and the briefs shall be filed as

follows:

(a) Petitioner's Opening Brief shall be filed within forty-two days from this date;
(b) Respondent's Answer Brief shall be filed within thirty-five days from receipt of the Opening Brief;
(c) Petitioner's Reply Brief may be filed within twenty-one days from receipt of the Answer Brief.

Pursuant to C.A.R. 54(a), the record on file will be treated as though sent up

in response to a formal writ.

The issues as announced by the Court this day are as follows:

Whether the standard for appointment of counsel under Criminal Rule of Procedure 35(c) differs from the standard for granting a hearing.

Whether an indigent pro se petitioner alleging ineffective assistance of counsel for failure to investigate DNA evidence must specify how exculpatory DNA evidence would undermine confidence in the conviction to sustain a Rule 35(c) motion.

Whether petitioner is entitled to postconviction counsel and a hearing to develop his claim that trial counsel rendered ineffective assistance of counsel by failing to investigate DNA evidence.

BY THE COURT, EN BANC, SEPTEMBER 9, 2024.