**COLORADO SUPREME COURT**
2 E 14th Avenue, Denver, CO 80203

On Writ of Certiorari;
Colorado Court of Appeals Case No. 21CA2068;
Division III; Opinion by Judge Johnson;
J. Jones, J., concurs; Schutz, J., dissents

Arapahoe County District Court 13 CR 2039

**JAMALE D. TOWNSELL**,
       **Petitioner,**

**v.**

**PEOPLE OF THE
STATE OF COLORADO
       Respondent.**

*For the Petitioner as OADC counsel:*
Hollis A. Whitson, #32911
Eric A. Samler, #32349
Samler and Whitson, P.C.
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303- 670-0575

Case No. 2023 SC 924

**PETITION FOR REHEARING**

Judgment Affirmed

Justice Hood, author, joined by JJ. Boatright, Samour, and Berkenkotter
Justice Gabriel, concurring in part and dissenting, joined by C.J. Márquez

## CERTIFICATE OF COMPLIANCE

I certify that this Petition for Rehearing complies with all requirements of C.A.R. 40, C.A.R. 28 and C.A.R. 32, including all formatting requirements, except the Petition does not comply with the word-count limitation. The Petition contains 2179 words.  An appropriate motion has been filed.

/s/ *Hollis A. Whitson*

On behalf of Mr. Jamale Townsell, counsel request that this Court correct the factual and legal errors discussed below and to reconsider its ruling.

**Factual errors.**

In ¶2, this Court states the bank robber pointed a gun at "one or two tellers." There was only one teller. This is significant because the other employee was an experienced financial services consultant who was likely hidden from the robber's view; he calmly reported the robbery and described the robber as 5'8" and left-handed. EX 1; TR-3/12/14, p.92:13, p.102:18-19, p.144:19-21.

In ¶¶2, 4, and 35, this Court references a "bank bag" the robber used to "stash" cash and later discarded. It wasn't a bank bag. The robber brought his own bag. TR-3/12/14, pp.94:24-95:1. At trial, the bag was described as a "computer bag." TR-3/12/14, p.232:3-4.

In ¶2, this Court states the bag "also contained a Global Positioning System ("GPS") device." The GPS device was in the money itself, not placed in the bag. TR-3/12/14, pp.129-130.

These errors are significant because the DNA-tested items largely belonged to Mr. Townsell that, he theorizes, the robber took from his workout bag and then

used in the robbery. It is unremarkable that Mr. Townsell's shoes or other items were found and that they contained his DNA.

The mistake about his wife's pantyhose is significant because the pantyhose were not used in the robbery. TR-3/12/14, p.250:20-25. And all these items were in the same bag as Mr. Townsell's workout gloves, also not used in the robbery. *Id.*

In ¶3, this Court states "eye and mouth holes" were cut into the hat. No mouth hole was cut. EX 49; TR-3/12/14, p.166:4-5. Had it been, the misidentification may not have occurred.

In ¶34, this Court refers to Mr. Townsell's pro se petition as "his argument." But Form 4 allegations are not "arguments." There is no rule, statute, or form that requires a defendant to make an "argument." Form 4 merely instructs a defendant to "list each and every fact you *feel* supports that claim." *See* OB, Appendix A, p.3. Mr. Townsell's appellate attorneys made arguments, but they do not stand in the position of appointed postconviction counsel.[1] This Court should call Mr. Townsell's pro se statements what they are: pro se statements.

---

[1] Appellate counsel's arguments are restricted because they do not have discovery, trial counsel's file, or other tools available to lower courts and petitioners when counsel is appointed.

2

In ¶33, this Court identifies one claim raised by Mr. Townsell—that his attorney failed to move for a continuance—but misses his primary claim—that his attorney conducted a constitutionally-deficient investigation in the first place. *See* Opinion, ¶¶ 45-50 (Gabriel, J., dissenting, joined by Márquez, C.J.).

### Legal errors.

**1.      Paragraph 18 fails to identify the constitutional right at issue.**

The constitutional right at issue is the right to effective assistance of trial counsel guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and Article II, Sections 16 and 25 of the Colorado Constitution. Specifically, whether the lower court's refusal to provide counsel adequately protected that fundamental constitutional trial right.

**2.      Paragraph 25 contains a vague cross-reference suggesting inaccurately there is an evidentiary burden of proof at the pleading stage.**

Paragraph 25 is ambiguous and is likely to be misinterpreted:

> ¶25 After the OPD has entered an appearance in the case and both sides have filed their pleadings, "the court shall grant a prompt hearing on the motion unless, based on the pleadings, the court finds that it is appropriate to enter a ruling containing written findings of fact and conclusions of law." Crim. P. 35(c)(3)(V). **At this stage,** the court should no longer accept the allegations as

3

true but must instead determine if the defendant has sufficiently proven his claims by a preponderance of the evidence. *See People v. Naranjo*, 840 P.2d 319, 325 (Colo. 1992).

The first sentence concerns the pleading-stage decision whether to hold a hearing. The sentence appropriately explains that decision comes after counsel is appointed and both sides have filed pleadings.

The second sentence (highlighted) describes the quantum of proof *at the evidentiary hearing*. This Court is discussing the evidentiary hearing, not the pleading stage. This Court uses the words "proven his claims" and identifies the burden of proof ("preponderance of the evidence"). The highlighted portion cannot be referring to the pleading/briefing stage because at that stage neither party has "proven" anything. No burden of proof applies.

This Court's *Naranjo* citation confirms this Court meant to discuss the standard for decision-making **after** an evidentiary hearing. In *Naranjo*, the postconviction court appointed counsel and held an evidentiary hearing. *See Naranjo*, 840 P.2d at 321-322 (describing the evidentiary hearing and findings "[a]t the conclusion of the Crim.P. 35(c) hearing").  The *Naranjo* passage cited (*Naranjo*, at 325), discusses what needs to be proven at the evidentiary hearing,

4

and by what quantum of proof. *Naranjo* cites two cases for its quantum of proof statement. *Ibid.* In both, evidentiary hearings were held.

The ambiguity comes in the first phrase of the second sentence of ¶25, bolded above ("At *this* stage,…"). This reference doesn't match the rest of the sentence. As written, "at this stage" incorrectly suggests claims must be "proven" at the pleading stage "by a preponderance of the evidence." The confusing reference to the pleading stage ("At *this* stage") suggests pleading allegations are not accepted as true. But they *are* accepted as true unless clearly refuted by the existing record. *White v. Denver Dist. Court*, 766 P.2d 632, 634-35 (Colo. 1988).

Paragraph 25's vague "this stage" reference will likely invite litigation about proper standards and spawn confusion about the quantum of proof required in pro se petitions to secure a referral to the public defender.

Unless this Court meant to articulate a new standard for granting an evidentiary hearing, it should remove the *Naranjo* citation and reiterate existing standards. *See Kazadi v. People*, 2012 CO 73, ¶17 (hearing required unless the record clearly establishes the defendant is not entitled to relief); *White, supra; People v. Lopez*, 2015 COA 45, ¶ 71 ("This presumption [for a hearing] is only overcome if the motion, files, and record clearly show that defendant's claims lack merit."). When (as here) material facts are in dispute, that presumption is not

overcome.[2] This Court should clarify it is not changing the standard for granting

an evidentiary hearing, by at a minimum, correcting the vague reference:

> "~~At this stage~~, **Following the evidentiary hearing**, the court should
> no longer accept the allegations as true but must instead determine if
> the defendant has sufficiently proven his claims by a preponderance of
> the evidence. *See People v. Naranjo*, 840 P.2d 319, 325 (Colo.
> 1992)."

### 3.    Paragraph 29 incorrectly cites *People v. Garcia*, 815 P.2d 937 (Colo. 1991) to support denial of counsel, but that case concerns the merits decision following an evidentiary hearing.

This Court cites *Garcia*, 815 P.2d at 941, to support denial of counsel for

failure "to **demonstrate** prejudice." Opinion, ¶29 (emphasis added). But *Garcia*

concerns neither a pro se petitioner nor written allegations. Mr. Garcia had

counsel and a hearing. *Garcia,* at 940 (discussing testimony introduced "[d]uring

the hearing"). This Court should clarify that *Garcia*'s standards governing the

merits decision after the evidentiary hearing do not apply to the decision whether

---

[2] *See also People v. McGlaughlin*, 2018 COA 114, ¶ 31:
[W]hen a disputed issue of material fact is central to the determination of
whether the defendant has alleged a meritorious postconviction claim, that fact
may be determined by the court only when the fact itself is 'clearly
established.' *See* IV *ABA Standards for Criminal Justice* § 22-4.6(a) (2d ed.
1980) ('A plenary hearing to receive evidence, by testimony or otherwise, is
required whenever there are material questions of fact which must be resolved
in order to determine the proper disposition of the application for relief.'). It
follows that a postconviction court may make a dispositive factual finding
without a hearing only when the fact in question is 'clearly established.'

to refer a pro se petition to the public defender. This Court should remove the confusing reference to *Garcia*.

4.    **Paragraph 29 cites a civil case about "conclusory" allegations in a civil complaint but fails to provide Mr. Townsell the same remedies provided to civil litigants.**

This Court's citation to the civil rights case, *Woodall v. Godfrey*, 2024 COA 42, is confusing. In a civil lawsuit, if allegations are too conclusory, courts may dismiss the complaint. C.R.C.P. 12(b)(5). The plaintiff may seek to amend to cure the deficiencies, and such amendments are liberally allowed. *See Benton v. Adams*, 56 P.3d 81, 86 (Colo. 2002). Dismissal with prejudice is reserved for cases where bad faith or similar circumstances exist or where a plaintiff repeatedly fails to cure the deficiencies the court has identified.

Rule 35(c) honors these principles by directing the court to return a deficient petition for curing. Crim. P. Rule 35(c)(3)(II) contains the pleading requirements, including that the motion "shall substantially contain the information" required by Form 4. If the petition does not substantially comply (which this Court suggests is the situation here) the court "shall return" the petition "and direct that a motion in substantial compliance with the form be filed within 49 days." Crim. P. Rule 35(c)(3)(III). This subsection fits here because the only reason Mr. Townsell was denied a referral to counsel is because his petition didn't substantially comply

7

with the information requirements (i.e., *Strickland* prejudice allegations).

Without implementation of the Subsection (3)(III) procedure, the result of this court's ruling is unconscionable. This is Mr. Townsell's one-and-only opportunity to ensure that he receives a trial the constitution intends—one with effective assistance of counsel. It is the judiciary's only mechanism to ensure that our indigent defense system is working as constitutionally required.[3] To rule his pleading is facially deficient but provide no means to correct the deficiency through amendment belies this Court's citation of *Woodall,* a case in which a deficient claim was corrected through amendment.

Now that this Court has announced a new pleading requirement, this court should remand with directions for the district court to follow the Subsection (3)(III) procedure. With that remedy, this Court's civil case citation would make more sense. Doing so would further the clear purpose of the Rule, avoid unfairness, breathe life into Subsection (3)(III), and enable this Court's opinion to provide meaningful guidance to lower courts.

---

[3] The remedy this Court suggests in footnote 4 accomplishes neither vindication of the constitutional right to effective trial counsel nor provides the judiciary with a check-and-balance to ensure our appointed trial counsel system is functioning in a constitutional manner.

8

**5.  This Court conflates standards throughout, citing cases where counsel was appointed, evidentiary hearings were held, and the appeal concerned the merits of the claims.**

If this Court does not intend to import into the referral-to-counsel decision the standards that apply to the merits determination, it should say so.  The lack of clarity risks future litigants arguing that, in *Townsell*, this Court held that merits-determination standards apply at the preliminary stages of post-conviction proceedings. The Opinion invites confusion, e.g.:

- ¶26, discussing the standards for appointing counsel but citing cases where the defendant had appointed counsel and the issue was the court's denial of an evidentiary hearing, *Ardolino v. People*, 69 P.3d 73 (Colo. 2003); *People v. McDowell*, 219 P.3d 332 (Colo. App. 2009).[4]

- ¶¶ 28-29, discussing when counsel should be appointed in a DNA postconviction case but citing two merits-stage cases. *See People v. Corson*, 2016 CO 33, ¶¶ 11, 14 (Mr. Corson had counsel and a four-day evidentiary hearing), and *People v. Thompson*, 2020 COA 117,

---

[4] See also *People v. Charles McDowell*, Garfield County 1998CR364, docket entries 6/17/2005 through 4/12/2007 (documenting assistance of postconviction counsel).

¶¶9, 15 (in his first postconviction motion, Mr. Thompson had counsel and an evidentiary hearing on eight IAC claims, and in his second motion, he had counsel and an evidentiary hearing where experts were presented from both sides).

- ¶29, discussing when counsel should be appointed but citing a merits-stage case, *Garcia, supra*.

- ¶37, discussing denial of counsel because of conclusory written claims but citing a Rule 32(d) case where the defendant had counsel and an opportunity in court to explain his motion and answer the court's questions before his request was denied on the merits. *People v. Lopez,* 12 P.3d 869, 872 (Colo. App. 2000).

- Throughout, citing *Strickland v. Washington*, 466 U.S. 468 (1984), a case where the petitioner had counsel. *See Washington v. Strickland*, 693 F.2d 1243, 1247 (5th Cir. 1982) ("In March 1980 Washington, ***now represented by different counsel,*** moved for post-conviction relief in state circuit court.") (emphasis added), *reversed*, 466 U.S. 668 (1984).

10

Rather than masking the novelty of its new rule by citing inapplicable caselaw, this Court should admit its requirements are new and explain why it is fair to penalize Mr. Townsell, who had no prior notice.

## CONCLUSION

This Court's opinion imposes a *Strickland* prejudice pleading requirement that does not exist in the statute, the rule, or this Court's prior caselaw. This Court should reconsider and rule consistently with its prior caselaw and the arguments Mr. Townsell advanced in this appeal.

Alternatively, this Court should remand with instructions to permit Mr. Townsell to amend his pro se petition pursuant to Rule 35(c)(3)(III).

Respectfully submitted this 17th day of March, 2026.

SAMLER AND WHITSON, P.C.

By:

*s/Hollis A. Whitson*

Hollis Whitson, #32911
SAMLER & WHITSON, PC

## CERTIFICATE OF SERVICE

I certify that on the 17th day of March, 2026, I served this Petition for Rehearing via the Colorado Courts E-Filing system, which will generate service upon the Appellate Division of the Office of the Colorado Attorney General and all parties of record.

*s/ Hollis A. Whitson*