IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-3606-RTG

JAMALE TOWNSELL,

Petitioner,

v.

GILBERT CALEY, Warden, Limon Correctional Facility,
MOSES “ANDRE” STANCIL, Executive Director of Colorado Department of Corrections, and
PHILIP WEISER, Colorado Attorney General,

Respondents.

---

**PRE-ANSWER RESPONSE**

---

Respondents, having been served with this Court’s Order, ECF No. 4, file this pre-answer response. Respondents do not assert the time bar but do assert that all but one of the claims are defaulted.

## I. Federal Habeas Proceedings

Petitioner, James Townsell, is a prisoner in the custody of the Colorado Department of Corrections. He initiated this action by filing, through counsel, an Application for Writ of Habeas Corpus Pursuant to § 2254, challenging the validity of his judgment of criminal conviction in Arapahoe County District Court case 13CR2039. ECF No. 1.

## II. Background and State Court Proceedings

Petitioner robbed a bank, and the prosecution charged him with aggravated robbery and other offenses. ECF No. 1-11, at 2-3. A jury found him guilty as charged,

and the state district court sentenced him to a prison term of 32 years. *Id.* at 3. The Colorado Court of Appeals ("CCA") affirmed his judgment of conviction on direct appeal, and the Colorado Supreme Court ("CSC") declined certiorari review. *Id.*; ECF No. 1-5.

Petitioner subsequently filed a motion to reduce his sentence, which was denied, and he did not appeal. ECF No. 1-11, at 3. He then filed a motion for postconviction relief, which was also denied. *Id.* at 4. Both the CCA and CSC affirmed the denial. *Townsell v. People*, 585 P.3d 838, 840 (Colo. 2026).

## III. Federal Habeas Claims

In his habeas application, Petitioner asserts that:

Trial counsel rendered ineffective assistance by failing to:

1. investigate and retain a DNA expert;
2. investigate and present an alternate suspect defense; and
3. object to testimonial hearsay under the Confrontation Clause;

and that:

4. The cumulative effect of counsel's alleged errors constitutes *Strickland* prejudice.

ECF No. 1, at 32-64.

## IV. Respondents do not assert the time bar.

### A. Applicable Law

A one-year period of limitation applies to an application for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As relevant here, the period runs from the date on which the judgment became final. *See* § 2244(d)(1). For the applicable time period, when a

petitioner seeks review in the CSC but does not seek review in the U.S. Supreme Court, finality occurs 150 days after the CSC issues its decision. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (finality occurs when the time for filing a petition for certiorari expires); Order Regarding Filing Deadlines, 589 U.S. _ (Mar. 19, 2020) (extending deadline to file petitions for certiorari from 90 days to 150 days for cases in which petition would have otherwise been due on March 19, 2020 or after) (rescinded July 19, 2021).

The proper filing of a postconviction motion or other collateral review of the conviction in state court tolls the limitations period. 28 U.S.C. § 2244(d)(2). This tolling ends upon conclusion of the postconviction proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Postconviction motions that toll include motions for reduction of sentence under Colorado's Rule of Criminal Procedure 35(b). *Robinson v. Golder*, 443 F.3d 718, 720-21 (10th Cir. 2006).

### A. Application of Law

Here, the CSC declined certiorari review of Petitioner's direct appeal on June 22, 2020. ECF No. 1-5. The deadline for seeking certiorari review in the U.S. Supreme Court, then, was November 19, 2020. The habeas clock would have started running on that date except Petitioner had filed a motion to reduce his sentence on November 2, 2020, which tolled the habeas clock until the time to appeal the March 10, 2021, denial of that motion expired on April 28, 2021. *See* ECF Nos. 1-6, -7; Colo. App. R. 4(b) (49 days to appeal).

From that point, the habeas clock ran for **141 days** until Petitioner filed a motion for postconviction relief on September 16, 2021. ECF No. 1-8. The habeas clock was tolled from that point until the CSC affirmed the denial of that motion on March 30, 2026. *Townsell*, 585 P.3d at 840.

From that point, the habeas clock ran for an additional **130 days**, for a total of **271 days** (141 days + 130 days = 271 days) that ran on the habeas clock before Petitioner filed his habeas application on August 7, 2026. *See* ECF No. 1. Accordingly, Respondents do not assert that the application is time-barred.

## V. All but one of Petitioner's claims are procedurally defaulted.

### A. Applicable Law

To obtain federal habeas review, a habeas petitioner must ordinarily exhaust the remedies available in state court. 28 U.S.C. § 2254(b), (c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). To properly exhaust a claim, a state prisoner must give the state courts a full opportunity to address any constitutional issues by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Colorado, presenting a claim to the CCA completes a full round of the appellate review process. *Ellis v. Raemisch*, 872 F.3d 1064, 1082 (10th Cir. 2017). The petitioner bears the burden of demonstrating exhaustion. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Fair presentation "require[s] a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 275-76

(1971). A claim was not fairly presented in state court if new factual allegations "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *see also Ellis*, 872 F.3d at 1092 (where applicant failed to present to the state court the two distinct bases for alleged ineffective assistance of counsel, these two claims were not properly exhausted and should not have been considered by the district court in granting habeas relief).

When a petitioner has not yet presented a claim in state court, but the claim is now barred by a state procedural rule, the claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731, 735 n.1 (1991); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (discussing principle of "anticipatory procedural bar"). In such circumstances, habeas review is foreclosed because the petitioner "has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32.

A habeas court may not review such claims unless the ground relied upon by the state court was not an "independent and adequate state ground." *Id.* A state procedural ground is independent if it is "separate and distinct" from federal law and not interwoven with, or dependent on, federal law. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *Andrews v. Deland*, 943 F.2d 1162, 1188 n.40 (10th Cir. 1991). A state ground is adequate if it is "firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (internal quotation marks omitted).

For claims of ineffective assistance of trial counsel, if the default in failing to present the claim resulted from the absence of postconviction counsel in the initial state

collateral-review proceeding that was the first opportunity to raise the claim, the default can be excused if the claim is "substantial." *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). A claim is substantial if it has "some merit." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022).

**B. Application of Law**

In Claim 1, Petitioner asserts that trial counsel rendered ineffective assistance by failing to investigate and retain a DNA expert. ECF No. 1, at 32-54. Petitioner presented a similar claim to the CCA in his postconviction appeal. ECF Nos. 1-10, -11. However, Petitioner presents new allegations of prejudice in Claim 1 that he did not present to the state courts. For example, for the first time in his habeas application, Petitioner asserts that, that but for counsel's alleged deficiency, an alternate suspect's DNA would have been "found on the *earbud headphones, the phone, and the other items next to the robber's skin*" and thus "there would be a substantial probability of a different result at trial." ECF No. 1, at 54 (emphasis added). But in his state appellate briefs, he argued only that "there was an alternate suspect in this case" and counsel failed to realize that "another person's DNA was found on the *mask*." ECF No. 1-10, at 15 (emphasis added).

Significantly, the state appellate courts denied relief on his ineffective assistance claim because he failed to sufficiently allege prejudice. Therefore, the new allegations of prejudice in his habeas application "fundamentally alter the legal claim already considered by the state courts." *Vasquez*, 474 U.S. at 260. Accordingly, the new allegations of prejudice were not fairly presented and should not be considered on habeas review. *Id.*; *Ellis*, 872 F.3d at 1092. So, to the extent Claim 1 mirrors the claim

Petitioner presented to the state appellate courts, Respondents do not assert the defense of failure to exhaust as to Claim 1. But as to any new allegations in the habeas application not presented to the state appellate courts, Respondents assert that those allegations are not properly exhausted.

In Claim 2, Petitioner alleges that trial counsel rendered ineffective assistance by failing to investigate and present an alternate suspect defense.[1] ECF No. 1, at 54-56. Petitioner has not fairly presented this claim to the state courts. *See Ellis*, 872 F.3d at 1092 (new basis for ineffective assistance claim not presented to state courts not properly exhausted). His statement in his state appellate briefs in support of Claim 1 that "there was an alternate suspect in this case," did not fairly present a separate and independent claim that counsel rendered ineffective assistance by failing to investigate and present an alternative suspect defense, as he now does for the first time in this habeas proceeding. *See* ECF No. 1-10, at 15-16; ECF No. 1-14, at 51. Therefore, Petitioner has failed to properly exhaust Claim 2.

In Claims 3 and 4, Petitioner asserts that trial counsel rendered ineffective assistance by failing to object to testimonial hearsay under the Confrontation Clause and that the cumulative effect of counsel's alleged errors constitutes *Strickland* prejudice, respectively. ECF No. 1, at 56-64. Petitioner has also not presented these

[1] At trial, the court sustained the prosecution's objection to counsel's statement in closing argument that there was an alternate suspect because no testimony had been presented to support an alternate suspect defense. *Townsell*, 585 P.3d at 842 n.2.

claims to the state courts. *See generally* ECF Nos. 1-8, -10, -11, -14. Therefore, he has also failed to properly exhaust Claims 3 and 4.

Petitioner can no longer exhaust Claims 2-4 and the unexhausted allegations in Claim 1 properly because they are now procedurally barred under both Colorado's three-year state statute of limitations for postconviction claims, Colo. Rev. Stat. § 16-5-402(1), and its rule barring claims that could have been raised in a prior postconviction proceeding or appeal., Colo. R. Crim. P. 35(c)(3)(VII). Both rules are independent and adequate state grounds to sustain a procedural default. *Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995); *Ellis*, 872 F.3d at 1093 n.7. Accordingly, Claims 2-4 and the unexhausted allegations in Claim 1 are defaulted.

Petitioner asserts that *Martinez* applies to excuse the default of Claim 3.[2] However, *Martinez* does not excuse the default of claims that lack merit. *Shinn*, 596 U.S. at 371. Furthermore, even for claims excused under *Martinez*, its narrow exception does not permit a court to hold an evidentiary hearing or to otherwise look beyond the existing state court record in resolving that claim unless the exceptions set forth in § 2254(e)(2) are satisfied. *Id.* at 382-83. Thus, a defaulted claim that would otherwise be excused by *Martinez* should be denied without further review if the existing state court record is insufficient to prove the claim. *Id.* at 389; *see also Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 724 (3d Cir. 2022) ("[B]efore holding a

[2] He has not asserted that *Martinez* excuses the default of Claims 2 and 4 (or the defaulted allegations in Claim 1); nevertheless, Respondents discuss the application of *Martinez* to all defaulted claims and allegations.

*Martinez* hearing . . . federal courts in these cases should decide whether an underlying ineffectiveness claim succeeds considering only the state court record. If not, federal courts should deny relief without more.”).

Accordingly, this Court must review the state court record to determine whether the record is sufficient to prove Claims 2-4 and the defaulted allegations in Claim 1. In the interests of judicial economy, Respondents thus request that this Court allow them to address the questions posed by *Martinez* (whether the defaulted claims and allegations have some merit) and *Shinn* (whether the existing state court record is sufficient to prove the defaulted claims and allegations) at the answer stage of this habeas proceeding, after the state court record has been provided to this Court.

## VI. Conclusion

Based on the reasons and authorities set forth above, Respondents do not assert that the application is time-barred or, to the extent Claim 1 mirrors the claim presented to the state courts, a failure to exhaust as to Claim 1. Respondents do assert that Claims 2-4 and the unexhausted allegations in Claim 1 are procedurally defaulted and respectfully request the opportunity to address at the answer stage of this habeas proceeding whether the default of Claims 2-4 and the defaulted allegations in Claim 1 are excused by *Martinez* and/or should be denied under *Shinn*.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

*s/ Lisa K. Michaels*

LISA K. MICHAELS, 38949*
Senior Assistant Attorney General
Criminal Appeals Section
Attorneys for Respondent

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 9th Floor
Denver, Colorado 80203
Telephone: (720) 508-6456
E-Mail: lisa.michaels@coag.gov
*Counsel of Record

CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will cause an electronic copy of same to be served on opposing counsel via the email addresses that opposing counsel has registered with the Court's ECF system.

*s/ Lisa K. Michaels*